338

## CIRCUIT COURT OF THE CITY OF RICHMOND

Kim R. Smith

v.

Consolidated Bank
and Trust Company
and Gwendolyn Smith

July 15, 1992

Case No. LT-1732–1

BY JUDGE T. J. MARKOW

This matter is before the court on the cross motions for summary judgment of the plaintiff and both defendants, as well as the demurrer of Gwendolyn Smith. The plaintiff filed a motion for judgment alleging breach of contract against Consolidated Bank & Trust (the Bank) and unjust enrichment of Gwendolyn Smith.

The plaintiff's father, Raymond L. Smith, opened two accounts at the Bank in the names of "Mr. Raymond L. Smith, Miss Kim L. Smith." Each of the account cards in the space marked "sign here," are signatures and the signatures are "Mr. Raymond Smith and Miss Kim R. Smith". It is claimed that Mr. Smith supplied both signatures. Beneath the signatures on the account card is the following printed language:

> SPECIAL PROVISION FOR JOINT ACCOUNT. Each of the signers guarantees the signature of the other and agrees that the Bank may credit to this account any instrument payable to the order of either or both, . . . that this account and any sum now or hereafter appearing to the credit thereof may be, in whole or in part and by or upon the order of either *or the survivor* of his or her sole signature, withdrawn . . . .
> The foregoing provisions respecting this account may be changed only on written notice signed by both depositors

and delivered to and accepted by the Bank (emphasis added).

Upon Mr. Smith's death, his wife, Gwendolyn Smith, qualified as administratrix of his estate. The Bank paid over to her, in that capacity, $8,860.71, the balances from the accounts.

The plaintiff alleges that she and her father, with the Bank, entered into a written contract, which is contained in the provisions of the signature card. She claims that both she and her father deposited monies into the account. She asserts that the contract was breached when the Bank paid over the money from the accounts to her father's estate because under the contract only she or her father could withdraw funds from the accounts.

The Virginia Code provides that:

> Nothing herein [Chapter 2.1 of Title 6.1, which covers multiple-party accounts in financial institutions] contained shall affect the common-law presumption of convenience now existing between persons not married to each other in joint accounts that were created prior to July 1, 1980, insofar as the ownership of the funds, whenever deposited, during their joint lifetime or their right of survivorship therein are concerned, and such cases shall continue to be decided pursuant to the precedents of the Virginia Supreme Court.

Va. Code Ann. § 6.1–125.15 (Repl. Vol. 1988).

In a recent case deciding the disposition of a bank account which did fall under the provisions of Chapter 2.1 on multiple-party accounts, the Virginia Supreme Court contrasted that case with one like this case, where common law principles apply, stating:

> Under the common law, the burden was on the party claiming survivorship rights in a joint account to establish entitlement to the money for reasons other than whether the account card was marked survivorship. *Quesenberry v. Funk*, 203 Va. 619, 622, 125 S.E.2d 869, 872 (1962). Further, under the common law, where a person made a deposit in his or her own name and the name of someone other than their spouse, there existed a presumption that the account was opened for the purposes of convenience only. *Stevens v. Sparks, executrix*, 205 Va. 128, 134, 135 S.E.2d 140, 145 (1964). Thus, had common law principles applied to the pre-

> sent case, it would have been presumed that the account was opened for Steel's convenience and Bowdoin would have been required to prove that when Steel opened the account, Steel intended to create survivorship rights in favor of Bowdoin.

*Higgins v. Bowdoin*, 238 Va. 134, 139, 380 S.E.2d 904 (1989). The plaintiff alleged in paragraph 6 of the amended motion for judgment that it was the intention of Raymond Smith that the money in the accounts be the sole property of the plaintiff, which allegation was denied by the defendants. This case is, therefore, in an inappropriate posture for the granting of summary judgment to Kim Smith, as the intention of Mr. Smith is an issue of material fact between the parties.

The Bank moves for summary judgment in reliance on Va. Code § 6.1–70, pursuant to which it alleges that it paid the money in the accounts over to the estate of Raymond Smith. However, § 6.1–70 is not the appropriate section to govern this account, as it is, at least on its face, a multiple-party account and payment would then be governed by § 6.1–125.10, which provides:

> Any sums in a joint account may be paid, on request, to any party without regard to whether any other party is incapacitated or deceased at the time the payment is demanded; but payment may not be made to the personal representative or heirs of a deceased party unless proof of death is presented to the financial institution showing that the decedent was the last surviving party or unless there is no right of survivorship under § 6.1–125.5.

The accounts in issue do not clearly provide that there is no right of survivorship, and, of course, Mr. Smith was not the last surviving party but rather Kim Smith is. The estate has only a presumption under the common law that there was no right of survivorship in the accounts; Kim Smith has an opportunity to rebut that presumption. Neither is the Bank saved by the fact that the accounts may have been opened prior to July 1, 1980, as § 6.1–126.16 provides that the provisions of the chapter are applicable to all multiple-party accounts regardless of when they were opened except for the common-law presumption of convenience as to disputes between parties. *See* Legislative Comment, *Multiple-Party Accounts: Does Virginia's*

*New Law Correspond with the Expectations of the Average Deposi-tor?*, 14 U. Rich. L. Rev. 851, 865 (1980). Summary judgment is denied the Bank.

Gwendolyn Smith has also moved for summary judgment and has filed a demurrer, as well. Both the motion for summary judgment and the demurrer are overruled. Both argue that the plaintiff has alleged a breach of contract and that there was no privity of contract between Gwendolyn and Kim Smith and that therefore Gwendolyn Smith should be dismissed from the case. This misreads the motion for judgment. It alleges breach of contract by the Bank only. Additionally, the motion for summary judgment argues that the Bank disbursed the money to Gwendolyn Smith in her capacity as administratrix yet she is being sued as an individual, so should be dismissed. However, Gwendolyn Smith was both the executor of the estate and the recipient under Raymond Smith's will of "all of my insurance and annuity funds, pensions, bank account, including saving, checking and certificates of deposit." She is a real party in interest and is therefore a proper party. The plaintiff should, however, add Gwendolyn Smith in her capacity as executor, and is given leave to amend to so add her.